1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    GREGORY C. BONTEMPS,                        No.  2:16-cv-2625-EFB P

12                     Plaintiff,

13          v.                                     ORDER

14    S. JOCHIM, et al.,

15                     Defendants.

16

17          Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

18    U.S.C. § 1983.[1]  He seeks leave to proceed in forma pauperis.  *See* 28 U.S.C. § 1915(a).  For the

19    reasons explained below, the court finds that plaintiff has not demonstrated he is eligible to

20    proceed in forma pauperis.

21          A prisoner may not proceed in forma pauperis:

22          if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in
            any facility, brought an action or appeal in a court of the United States that was
23          dismissed on the grounds that it is frivolous, malicious, or fails to state a claim
            upon which relief may be granted, unless the prisoner is under imminent danger of
24          serious physical injury.

25    28 U.S.C. § 1915(g).  Court records reflect that on at least three prior occasions, plaintiff has

26

27    ─────────────────────────
            [1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.
28    § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent.  *See* E.D. Cal. Local
      Rules, Appx. A, at (k)(4).

                                              1

brought actions in this court while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See, e.g., Bontemps v. Sotak*, No. 2:09-cv-2115-MCE-EFB (E.D. Cal. Mar. 30, 2015) (designating plaintiff as a three-strikes litigant); *Bontemps v. Harper*, No. 2:13-cv-506-MCE-EFB (E.D. Cal. June 2, 2016) (same).

The section 1915(g) exception applies if the complaint makes a plausible allegation that the prisoner faced "imminent danger of serious physical injury" at the time of filing. 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007). For the exception to apply, the court must look to the conditions the "prisoner faced at the time the complaint was filed, not at some earlier or later time." *Andrews*, 493 F.3d at 1053, 1056 (requiring that prisoner allege "an ongoing danger" to satisfy the imminency requirement). Courts need "not make an overly detailed inquiry into whether the allegations qualify for the exception." *Id.* at 1055.

Plaintiff complains that on July 11, 2016, he experienced two hours of severe pain in his fractured foot when he was denied access to his air pump for use with his air cast. ECF No. 1 at 3. Although plaintiff wrote "imminent danger" on the cover of his complaint, *see id.* at 1, these allegations fail to demonstrate that he faced an imminent danger of serious physical injury at the time he filed the complaint, on November 3, 2016. Thus, the imminent danger exception does not apply. Plaintiff's application for leave to proceed in forma pauperis must therefore be denied pursuant to § 1915(g). Plaintiff must submit the appropriate filing fee in order to proceed with this action.

Accordingly, because plaintiff has not paid the filing fee and cannot proceed in forma pauperis, it is hereby ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF Nos. 5, 6) is denied; and

2. Plaintiff shall submit, within twenty-one days from the date of this order, the appropriate filing fee. Plaintiff's failure to comply with this order will result in dismissal.

Dated: April 27, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE