UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY C. BONTEMPS,<br><br>    Plaintiff,<br><br>v.<br><br>S. JOCHIM, et al.,<br><br>    Defendants. | No. 2:16-cv-2625-EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. On November 10, 2016, plaintiff filed a form consenting to have a United States Magistrate Judge conduct the proceedings in this case. ECF No. 3. Thereafter, on April 28, 2017, the undersigned denied plaintiff's application to proceed in forma pauperis after finding that plaintiff is a three-strikes litigant within the meaning of 28 U.S.C. § 1915(g). ECF No. 7. Plaintiff was given 21 days within which to pay the $400 filing fee and warned that failure to do so would result in dismissal. *Id.* After the time for acting had passed and plaintiff had not paid the fee or otherwise responded to the courts' order, the undersigned dismissed this action and judgment was duly entered. ECF Nos. 8, 9. Plaintiff then filed an appeal. ECF No. 10. On March 27, 2018, the U.S. Court of Appeals for the Ninth Circuit vacated the judgment and remanded the action for further proceedings, citing *Williams v. King*, 875 F.3d 500, 503-04 (9th

/////

1

Cir. 2017) (all parties, including unserved defendants, must consent in order for jurisdiction to vest with the magistrate judge pursuant to 28 U.S.C. § 636(c)(1)).

Accordingly, the prior order denying plaintiff's application for leave to proceed in forma pauperis (ECF No. 7) is vacated for lack of jurisdiction due to the absence of consent of all named parties. Instead, for the reasons stated below, it is now recommended that plaintiff be required to pay the court's filing fee in order to proceed with this action.

A prisoner may not proceed in forma pauperis:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Court records reflect that on at least three prior occasions, plaintiff has brought actions in this court while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See* (1) *Bontemps v. Lee*, 2:12-cv-0771-KJN (E.D. Cal.), dismissed without leave to amend on January 31, 2013, for failure to state a claim (ECF No. 20)[1]; (2) *Bontemps v. Kramer*, 2:06-cv-2483-JAM-GGH (E.D. Cal.), dismissed without prejudice on December 22, 2008, for failure to file an amended pleading after

---

[1] In a recent decision, the Ninth Circuit held that all parties, including unserved defendants, must consent in order for jurisdiction to vest with the magistrate judge pursuant to 28 U.S.C. § 636(c)(1). *Williams v. King*, 875 F.3d 500 (9th Cir. 2017). Notwithstanding this holding, numerous district courts have held that prior dismissals of cases with unserved defendants by magistrate judges may still be properly counted as strikes. *See, e.g. Hoffman v. Pulido*, No. 1:18-cv-0209-AWI-SKO, 2018 U.S. Dist. LEXIS 42949, at *6-8 (E.D. Cal. Mar. 15, 2018) (reasoning that an attack on the validity of a prior case would be an improper collateral challenge in a subsequent proceeding); *Hoffman v. Sherman*, No. 1:18-cv-0195-LJO-EPG, 2018 U.S. Dist. LEXIS 50837, at *7 (E.D. Cal. Mar. 27, 2018) (concluding that a determination as to jurisdiction of the dismissing court in prior cases goes beyond the scope of review under § 1915(g)) (adopted by District Judge on May 15, 2018); *Cruz v. Gonzalez*, No. 1:17-cv-1548-DAD-MJS (E.D. Cal. Mar. 22, 2018), 2018 U.S. Dist. LEXIS 47700, at *2-3 (reasoning that an error in interpreting a statutory grant of jurisdiction is not the equivalent of a total lack of jurisdiction and does not render a prior judgment a complete nullity) (adopted by District Judge on June 19, 2018); *Hill v. Dozer*, No. 1:18-cv-0326-LPO-EPG (E.D. Cal. Mar. 22, 2018), 2018 U.S. Dist. LEXIS 47692, at *4-10 (same) (adopted by District Judge on April 24, 2018).

dismissal with leave to amend for failure to state a claim (ECF Nos. 9, 12, 14)[2]; and (3) *Bontemps v. Gray*, 2:07-cv-710-MCE-CMK (E.D. Cal.), dismissed without prejudice on July 5, 2007, for failure to file an amended complaint after dismissal with leave to amend for failure to state a claim (ECF Nos. 3, 6, 7). *See also Bontemps v. Harper*, No. 2:13-cv-506-MCE-EFB (E.D. Cal.), ECF No. 30 (June 2, 2016 order designating plaintiff a three-strikes litigant), ECF No. 39 (December 29, 2017 order affirming "three strikes" designation on appeal).

The section 1915(g) exception applies if the complaint makes a plausible allegation that the prisoner faced "imminent danger of serious physical injury" at the time of filing. 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007). For the exception to apply, the court must look to the conditions the "prisoner faced at the time the complaint was filed, not at some earlier or later time." *Andrews*, 493 F.3d at 1053, 1056 (requiring that prisoner allege "an ongoing danger" to satisfy the imminency requirement). Courts need "not make an overly detailed inquiry into whether the allegations qualify for the exception." *Id.* at 1055.

Plaintiff complains that on July 11, 2016, he experienced two hours of severe pain in his fractured foot when he was denied access to his air pump for use with his air cast. ECF No. 1 at 3. Although plaintiff wrote "imminent danger" on the cover of his complaint, *see id.* at 1, his allegations fail to demonstrate that he actually faced any imminent danger of serious physical

/////

---

[2] In another recent decision, the Ninth Circuit held that:

> There is nothing in § 1915(g) that suggests a dismissal for failure to state a claim only counts as a strike when the complaint is obviously unsalvageable on its face. We have previously held that "[l]eave to amend should be granted if it appears *at all possible* that the plaintiff can correct the defect" and that opportunities to amend are "particularly important for the pro se litigant." *Crowley v. Bannister*, 734 F.3d 967, 977-78 (9th Cir. 2013) (emphasis added in *Crowley*) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000)). In light of this "longstanding rule," *Lopez*, 203 F.3d at 1130, district courts may routinely give pro se plaintiffs opportunities to amend their complaints regardless of how meritless their claims may appear. A prisoner may not avoid incurring strikes simply by declining to take advantage of these opportunities to amend.

*Harris v. Mangum*, 863 F.3d 1133, 1142-1143 (9th Cir. 2017).

injury at the time he filed the complaint, on November 3, 2016.  Thus, the imminent danger exception does not apply.

Because plaintiff has sustained three strikes under 28 U.S.C. § 1915(g), and failed to allege facts suggesting he was in imminent danger of serious physical injury at the time he filed his complaint, plaintiff should be denied leave to proceed in forma pauperis, and be required to submit the appropriate filing fee in order to proceed with this action.

Accordingly, IT IS HEREBY ORDERED that:

1. The April 28, 2017 order denying plaintiff's application for leave to proceed in forma pauperis (ECF No. 7) is vacated; and
2. The Clerk is directed to randomly assign a United States District Judge to this case.

Further, IT IS RECOMMENDED that:

1. Plaintiff be denied leave to proceed in forma pauperis (ECF Nos. 5, 6); and
2. Plaintiff be ordered to pay the $400.00 filing fee within fourteen days of any order adopting these finding and recommendations and warned that his failure to do so will result in the dismissal of this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  December 6, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4